UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY CHATMAN,

    Petitioner,

                                          Case No. 2:07-CV-11786
                                          HONORABLE AVERN COHN

BLAINE LAFLER,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Larry Chatman, (Petitioner), is an inmate at the St. Louis Correctional Facility in St. Louis, Michigan, where he is serving a sentence of fifteen to thirty years for the crime of armed robbery, Mich. Comp. Laws § 750.529.  Petitioner has filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights.  He specifically claims that the jury verdict was against the great weight of the evidence and that he is entitled to resentencing.  For the reasons which follow, the petition will be denied because neither states a claim upon which habeas relief may be granted.

### II. Background

Petitioner was convicted of the above offense following a jury trial in the Wayne County Circuit Court.  Petitioner filed an appeal of right to the Michigan Court of Appeals, presenting the claims that he raises in the instant petition.  The Michigan Court of Appeals affirmed petitioner's conviction.  People v. Chatman, No. 256615

(Mich.Ct.App. December 1, 2005).  Petitioner then filed a delayed application for leave to appeal with the Michigan Supreme Court, in which he raised the identical claims that he raised on his appeal of right.  The Michigan Supreme Court denied leave to appeal. People v. Chatman, 475 Mich. 885 (2006).

Petitioner has now filed an application for writ of habeas corpus, seeking relief on the following grounds:

> I. [Petitioner's] conviction is contrary to the great weight of the evidence.
>
> II. [Petitioner] is entitled to resentencing because the trial court was operating under a misapprehension of the law due to its misscoring of offense variable-12 basing its scoring contrary to the clear and unambiguous language of the statute and basing the score on facts that were not proven to a jury beyond a reasonable doubt in violation of Blakely v. Washington, 542 U.S.___; 124 S. Ct. 2531; ___ L. Ed 2d____ (2004).

### III.  Analysis

#### A.  Summary Dismissal

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief.  See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

#### B.  The great weight of the evidence claim

Petitioner first contends that the jury verdict went against the great weight of the

evidence, mainly because of discrepancies in the description of the perpetrator given by the victim.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. <u>Cukaj v. Warren</u>, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004). A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised. <u>Id</u>. The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. <u>Dell v. Straub</u>, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). Thus, petitioner is not entitled to habeas relief on the grounds that the verdict was against the great weight of the evidence.

To the extent that petitioner's claim could be construed as a sufficiency of evidence claim, he would also not be entitled to habeas relief. A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Scott v. Mitchell</u>, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)).

Petitioner's primary argument that the verdict went against the great weight of the evidence because of discrepancies in the victim's identification of him. The weight to be given to an in-court identification of a defendant is a question properly left for the jury. The trier of fact must assess any inconsistencies in determining the weight that should be accorded the identification. In addition, the identity of a defendant can be inferred

through circumstantial evidence. Moreover, his claim regarding the identification of him was unreliable or inconsistent relates to the reliability or credibility of this witness, not to the legal sufficiency of the evidence. Any insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury. Petitioner is therefore not entitled to habeas relief on this ground.

Petitioner also contends that the verdict went against the great weight of the evidence because the prosecutor failed to prove that he used a handgun during the robbery. Under Michigan law, neither submission of a dangerous weapon or other article into evidence is required before the issue of armed robbery can be submitted to the jury. See People v. Jolly, 442 Mich. 458, 467 (1993). The victim testified that petitioner pointed a gun at her and demanded her purse. This was sufficient to prove the elements of armed robbery. Petitioner is therefore not entitled to habeas relief on this ground.

### C.  The sentencing guidelines claim

In his second claim, petitioner says that his sentencing guidelines were incorrectly scored. Petitioner, however, has no state created liberty interest in having the Michigan sentencing guidelines applied rigidly in determining his sentence. Thomas v. Foltz, 654 F. Supp. 105, 106-107 (E.D. Mich. 1987). To the extent that petitioner is claiming that his sentence violates the Michigan state sentencing guidelines, his claim is not cognizable in a habeas proceeding because it is a state law claim. Id. Petitioner's claim that the sentencing guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted.

Petitioner also contends that the trial court judge violated his Sixth Amendment

right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner. Petitioner relies on the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), in which the Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. <u>Blakely</u> involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. Michigan's indeterminate sentencing scheme is therefore unaffected by the Supreme Court's holding in <u>Blakely</u>. <u>See</u> <u>People v. Drohan</u>, 475 Mich. 140, 160-61 (2006), <u>cert. den. sub nom Drohan v. Michigan</u>, 127 S. Ct. 592 (2006).

### IV.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED.**

**SO ORDERED.**

Dated:  May 3, 2007                      s/Avern Cohn                                   
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

07-11786 Chatman v. Lafler

## Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Larry Chatman, 196829, ST. LOUIS CORRECTIONAL FACILITY, 8585 N. CROSWELL ROAD, ST. LOUIS, MI 48880 on this date, May 3, 2007, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160